# STATE OF NORTH CAROLINA

CATAWBA County

File No. 18-CVS 2573

In The General Court Of Justice
☐ District  ☒ Superior Court Division

**Name Of Plaintiff**
NATIONAL CASUALTY COMPANY

**Address**
c/o Elizabeth A. Martineau, P. O. Box 241268

**City, State, Zip**
Charlotte   NC   28224

**VERSUS**

**Name Of Defendant(s)**
ARGONAUT GREAT CENTRAL INSURANCE COMPANY

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

**To Each Of The Defendant(s) Named Below:**

**Name And Address Of Defendant 1**
Argonaut Great Central Insurance Company
c/o Officer, Director, or Managing Agent
P.O. Box 469011
San Antonio   TX   78246-9011

**Name And Address Of Defendant 2**

⚠ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**
Elizabeth A. Martineau
Martineau King, PLLC
P. O. Box 241268
Charlotte   NC   28224

Date Issued: 9/10/18   Time: 2:30  ☐ AM  ☒ PM

Signature: *Natalie Hefner*

☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

Date Of Endorsement  Time  ☐ AM ☐ PM

Signature

☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

**EXHIBIT A**

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | AM / PM | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM  ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | AM / PM | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM  ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA        IN THE GENERAL COURT OF JUSTICE
                                                               SUPERIOR COURT DIVISION
COUNTY OF CATAWBA                      18-CVS-2573

NATIONAL CASUALTY COMPANY,

      Plaintiff,

v.                                                                   COMPLAINT

ARGONAUT GREAT CENTRAL
INSURANCE COMPANY,

      Defendant.

NOW COMES Plaintiff National Casualty Company ("National Casualty"), by and through its undersigned counsel, and for its Complaint against Defendant Argonaut Great Central Insurance Company ("Argonaut"), says and alleges as follows:

## PARTIES AND JURISDICTION

1. National Casualty is a corporation duly organized an existing pursuant to the laws of the State of Ohio with its principal place of business located in Scottsdale, Arizona and is duly authorized to and does issue polices of insurance within North Carolina.

2. On information and belief, Argonaut is a corporation duly organized and existing pursuant to the laws of the State of Illinois with its principal place business located in Hartford, Connecticut and is duly authorized to and does issued policies of insurance within North Carolina.

3. This Court has subject matter jurisdiction over this action because National Casualty seeks recovery in this action from Argonaut in an amount in excess of $25,000.00.

4. This Court has personal jurisdiction over Argonaut because it transacts substantial business within this judicial district and because it is engaged in substantial activity within this State.

## FACTUAL BACKGROUND

5. On or about 8 October 2014, a lawsuit was filed in the Federal District Court for the Western District of North Carolina captioned Willie James Grimes, Plaintiff v. City of Hickory, et al, Defendants, file no. 5:14-cv-00160 (the "Underlying Action").

6. The Underlying Action alleged, *inter alia*, that the City of Hickory (the "City") and four of its employees (two successive Chiefs of Police, a detective, and an investigator) were liable to Mr. Grimes for damages in connection with his wrongful

conviction in July of 1988 and subsequent attempts to prove his innocence between 2003 and 2011.

7. National Casualty and Argonaut both issued policies of insurance to the City which provided certain law enforcement liability coverage and the City sought coverage under both insurers' policies for the Underlying Action.

8. National Casualty issued a Comprehensive Law Enforcement Liability Policy to the City of Hickory Police Department with an initial policy period of 2 September 1987 to 2 September 1988, which policy was thereafter renewed annually for successive one year periods until the end of the final policy period on 2 September 1997 (the "National Casualty Policy").

9. Argonaut provided Law Enforcement Liability Coverage under a policy issued to the City of Hickory with an initial policy period of 2 September 2003 to 1 January 2004, which policy was thereafter renewed annually for successive one year periods until the end of the final policy period on 1 January 2015 (the "Argonaut Policy").

10. Under the National Casualty Policy, National Casualty provided a defense to the following defendants in the Underlying Action:

   a. the City;
   b. Floyd Lucas, sued individually and in his capacity as the City's former Chief of Police;
   c. Steve Hunt, sued individually and in his capacity as a detective for the City's Police Department; and
   d. Steve Bryant, sued individually and in his capacity as an investigator for the City's Police Department

(collectively the "Mutual Insureds").

11. National Casualty incurred costs, expenses, and attorneys' fees in the amount of $262,690.96 in the defense of the Mutual Insureds, which amount was reasonable and necessary to the adequate defense of the City.

12. The claims asserted against the individual defendants Lucas, Hunt, and Bryant in the Underlying Action were so intertwined with the claims asserted against the City such that a defense of the claims against Lucas, Hunt, and Bryant was necessary to provide an adequate defense to the City.

13. On information and belief, the Underlying Action was tendered to Argonaut for a defense pursuant to the terms of the Argonaut Policy sometime prior to 28 October 2014.

14. By letter dated 28 October 2014 from Argonaut's authorized claim representative, Argonaut disclaimed any obligation to provide a defense in the Underlying Action.

15. Argonaut at no time undertook to provide a defense or to in anyway contribute to the provision of a defense to any defendant in the Underlying Action including but not limited to the Mutual Insureds.

16. Argonaut owed a duty to defend all of the claims asserted against the Mutual Insureds in the Underlying Action.

17. By failing to participate in the defense of the Mutual-Insureds in the Underlying Action, Argonaut breached its duty to defend owed to each of the Mutual Insureds pursuant to the Argonaut Policy.

## CLAIM FOR RELIEF
-Contribution-

18. Each of the preceding paragraphs is incorporated herein by reference as if fully set forth in their entirety.

19. National Casualty has paid substantial sums to defend the Mutual Insureds in the Underlying Action.

20. In defending the Mutual Insureds in the Underlying Action, National Casualty was protecting a real or supposed right or interest of its own and was not acting as a volunteer.

21. The Argonaut Policy obligated Argonaut to defend the Mutual Insureds in the Underlying Action.

22. Argonaut has failed to contribute its share of the defense costs for the Underlying Action.

23. National Casualty has paid more than its pro-rata share of the costs of defending the Mutual Insureds in the Underlying Action and is entitled to contribution from Argonaut for the costs of defending the Mutual Insures in the Underlying Action in the amount of $131,345.48 plus interest.

WHEREFORE, National Casualty respectfully prays the Court:

1. That National Casualty have and recover from Argonaut the amount of $131,345.48 as compensatory damages, plus pre-judgment interest and post-judgment interest at the maximum legal rate;

2. That the Court tax the costs of this action against Argonaut; and

3. That Argonaut have such other and further relief as the Court deems just and appropriate.

This the 5th day of September, 2018.

MARTINEAU KING PLLC
*Attorneys for Plaintiff*

*[signature]*

Elizabeth A. Martineau (N.C. Bar No. 26394)
EMartineau@MartineauKing.com
Joseph W. Fulton (N.C. Bar No. 44388)
JFulton@MartineauKing.com
PO Box 241268
Charlotte, NC 28224
Telephone: (704) 247-8520
Facsimile: (704) 247-8582